NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

EDWARD TUCKER,

           Petitioner,

        v.

WARDEN J.T. SHARTLE,

           Respondent.

_____

Civil Action No. 13-1590 (RMB)

**OPINION**

This matter comes before this Court upon Petitioner's submission of his filing fee. See Docket Entry dated April 15, 2013. The Court, therefore, will direct the Clerk to reopen this matter. In addition, for the reasons detailed below, the Court will: (a) dismiss Petitioner's habeas challenges with prejudice, for failure to assert a violation of his rights; and (b) dismiss his non-habeas challenges for lack of habeas jurisdiction.

**I.   Background**

Petitioner, a federal inmate confined at the FCI Fairton, Fairton, New Jersey, filed a Section 2241 petition challenging disciplinary sanctions imposed upon him. See, generally, Docket Entry No. 1. Petitioner concedes that he was using marihuana; such usage was determined by his prison officials after his urinary test was taken. See id. at 8 and 23. He was sanctioned to a certain period of disciplinary segregation, a certain monetary penalty, suspension of commissary privileges, as well as temporary loss of email, telephone and visitation privileges and, in addition, to forty days loss of good-conduct-time credits ("GCT"). See id. at 3.

He maintains that the discipline imposed was disproportionately severe, and the code provision relied upon by his prison officials was unduly vague; he seeks relief in the form of reimbursement of the monetary penalty, restoration of his commissary, visitation and analogous privileges and "reinstate[ment of] other sanctions." Id. at 3-4 and 9.

## II.     Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified." See Rule 2(c) of the Rules Governing § 2254 Cases, applicable to § 2241 petitions through Rule 1(b). A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person confined is not entitled thereto." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also Lonchar v. Thomas, 517 U.S. 314, 320 (1996); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).

## III.    Scope of Habeas Jurisdiction

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as loss of GCT. See Muhammad v. Close, 540 U.S. 749 (2004), Edwards v. Balisok, 520 U.S. 641

(1997).[1]  In contrast, a prisoner's challenges to his conditions of confinement cannot be entertained in a habeas matter, since these conditions do not affect the "fact or duration" of the prisoner's confinement.  See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002); accord Ganim v. Federal Bureau of Prisons, 235 F. App'x. 882 (3d Cir. 2007); Castillo v. FBOP FCI Fort Dix, 221 F. App'x. 172 (3d Cir. 2007) (habeas is a proper vehicle to challenge disciplinary proceeding resulting in loss of GCT, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).  Since neither the monetary penalty imposed upon Petitioner nor his loss of telephone, visitation, commissary, etc. privileges can affect the fact or duration of his confinement, these challenges are subject to dismissal for lack of habeas jurisdiction.  Moreover, the thirty-day segregation period did not subject Petitioner to a "quantum change" in the level of custody that could give rise to habeas jurisdiction.  Accord Ganim, 235 F. App'x. 882 (collecting cases).  Therefore, all Petitioner's challenges – other than his GCT-related claim – will be dismissed without prejudice to raising them in a civil matter.[2]  Here, the sole issue properly raised is Petitioner's challenge to his loss of the GCT credits.[3]

---

[1]   The Court of Appeals also held that habeas corpus is an appropriate mechanism to challenge the execution of a prisoner's sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  Analogously, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005).

[2]   No statement made in this Opinion or accompanying Order shall be construed as expressing this Court's position as to validity or invalidity of such challenges.

[3]   A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Therefore, the Court construes the Petition as setting forth an implied challenge to petitioner's loss of forty days of GCT.

## IV.     Challenges to Lost GCT

Here, Petitioner conceded that he used marihuana, and such usage was detected by his prison officials upon taking his urinary test.  See generally, Docket Entry No. 1.  He was charged with a violation of Code 112.[4]  See id. at 24.  That provision prohibits "[u]se of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff."  See 28 C.F.R. § 541.3.  While Petitioner maintains that the provision is too vague, the Court detects neither any ambiguity in the language that any use of non-medically-prescribed marihuana is prohibited to prisoners nor any abuse of the BOP's discretion in reading the provision as barring all non-medically-prescribed controlled substances.   Accord Chevron USA, Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984) (directing deference to an agency's interpretation in the event a provision is ambiguous).

Pursuant to Table 1 of 28 C.F.R. § 541.3, a disciplinary officer is permitted to issue a sanction in the form of "[f]orfeit[ure] and/or withhold[ing of] non-vested good conduct time (up to 100%)" and to "[d]isallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for a year."  See id.; see also http://www.law.cornell.edu/cfr/text/28/541.3.  Here, Petitioner was sanctioned with the loss of 40 days of GCT, a disciplinary measure falling within the allowed range of sanctions.  Accord Wallace v. Ebbert, 2012 U.S. App. LEXIS 23875 (3d Cir. Nov. 20, 2012) (affirming district court's denial of a habeas petition filed by a prisoner

---

[4] The Federal Bureau of Prisons ("BOP") has specific guidelines for inmate disciplinary procedures, which are codified at 28 C.F.R. § 541.10 et seq.  Prohibited acts are categorized according to the severity of the conduct.  Code Level 100s are deemed the "greatest," and the Prohibited Acts Code and Disciplinary Severity Scale is detailed in 28 C.F.R. § 541.13 Tables 3-5.

4

whose sanctions were enhanced, on the basis of more-than-two year-old offenses to loss of fifty-four GCT credits).  Therefore, the sanction of forty lost GCT credits did not violate his rights.

Correspondingly, he is not entitled to restoration of his lost GCT credits, and his habeas challenges will be dismissed with prejudice, pursuant to 28 U.S.C. § 2243.

## V. Conclusion

For the foregoing reasons, Petitioner's habeas challenges will be dismissed with prejudice for failure to assert a violation of his rights, while his non-habeas challenges will be dismissed for lack of habeas jurisdiction without prejudice to raising these claims in a civil matter.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
UNITED STATES DISTRICT JUDGE

Dated: April 18, 2013